## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**THEOLA VEASLEY**,

               Plaintiff,

                                              No. 12-CV-13642

vs.                                      Hon. Gerald E. Rosen

**THE FEDERAL NATIONAL MORTGAGE ASSOCIATION** and **BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP**,

               Defendants.

_____/

## OPINION AND ORDER REGARDING PLAINTIFF'S MOTIONS FOR RECONSIDERATION AND FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

On September 26, 2014, this Court issued an opinion and order granting Defendants' Motion to Dismiss.  Judgment was entered in Defendants' favor on the same day.  Pending before the Court is Plaintiff's Motion for Reconsideration, pursuant to Federal Rule of Civil Procedure 59 and Eastern District of Michigan Local Rule 7.1(h), and for Leave to Filed a First Amended Complaint.  For the reasons stated below, the Court denies the motions.

1

## I. Motion for Reconsideration

First, the Court addresses Plaintiff's Motion for Reconsideration. Federal Rule of Civil Procedure 59(e) provides: "A motion to alter or amend a judgment must be filed no later than 28 days after entry of the judgment." The decision of whether to grant relief under Rule 59(e) is within the district court's discretion. *Davis by Davis v. Jellico Cmty. Hosp. Inc.*, 912 F.2d 129, 132 (6th Cir. 1990). That discretion, however, is limited to: (1) accommodating an intervening change in controlling law; (2) accounting for new evidence which was not available at trial; or (3) correcting a clear error of law or preventing manifest injustice. *Kenneth Henes Special Projects Procurement v. Continental Biomass Industries, Inc.*, 86 F. Supp. 2d 721, 726 (E.D. Mich. 2000).

Rule 59 motions "are not intended as a vehicle to relitigate previously considered issues; should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence; and are not the proper vehicle to attempt to obtain a reversal of a judgment by offering the same arguments previously presented." *Kenneth Henes*, 86 F. Supp. 2d at 726 (emphasis omitted) (quoting *Nagle Indus., Inc. v. Ford Motor Co.*, 175 F.R.D. 251, 254 (E.D. Mich. 1997), *aff'd*, 194 F.3d 1339 (Fed. Cir. 1999)) (internal quotations omitted).

The requirements for the granting of motions for reconsideration in this Court are further set forth in Local Rule 7.1(h), which provides in relevant part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

Local Rule 7.1(h)(3), U.S. District Court, Eastern District of Michigan. A "palpable defect" is "a defect that is obvious, clear, unmistakable, manifest or plain." *United States v. Lockette*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004).

This mortgage foreclosure case was removed to this Court from the Oakland County Circuit Court on August 16, 2012. The facts and allegations of this case are set forth in detail in the Court's September 26, 2014 opinion and order granting Defendants' Motion to Dismiss (Dkt. # 26). Accordingly, they will not be repeated here.

In her motion for reconsideration, Plaintiff primarily reraises the same *res judicata* arguments that she raised in her summary judgment briefs. The Court is not persuaded by Plaintiff's attempts to distinguish the relevant case law, nor has Plaintiff identified any new cases or authorities that might support a different result. In any event, this Court generally "will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either

3

expressly or by reasonable implication," Local Rule 7.1(g)(3), Eastern District of Michigan, and the issues raised in Plaintiff's present motion were squarely addressed in the Court's September 26, 2014 opinion and order.[1]

## II. Motion for Leave to File First Amended Complaint

Plaintiff also moves for leave to file a First Amended Complaint. Federal Rule of Civil Procedure 15(a)(2) provides that "the court should freely give leave when justice so requires." However, granting leave to amend the complaint is inappropriate if the proposed amendment would not survive a motion to dismiss. *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005) ("Amendment of a complaint is futile when the proposed amendment would not permit the complaint

---

[1] Plaintiff does, however, now allege that in the state summary proceeding, "the district court judge refused to even consider any challenge to the foreclosure in the context of the proceeding and instead merely concluded on the basis of nothing but a threadbare complaint that [Fannie Mae] had a right to possession, and she further directed Plaintiff to assert any challenge to the foreclosure in circuit court -- precisely what [Plaintiff] did." Pl's Mot. for Reconsideration, Dkt. # 28, at ¶ 22. Plaintiff does not provide any factual support for that allegation, claiming that a transcript of the hearing "will demonstrate" that the judge made such comments, despite the fact that the letter from the 46th District Court that Plaintiff provides states that "there was nothing place[d] on the record for the . . . case." *Id.* at Ex. C. Regardless, even if the judge did misinform Plaintiff or refuse to hear her defenses, the proper course of action would have been to appeal the result of the summary proceeding, as allowed for under M.C.L. § 600.5753 ("Any party aggrieved by the determination or judgment of the court under this chapter may appeal to the circuit court of the same county. The appeal shall be made in the same manner as an appeal in other civil actions from the same court, with bond and procedure as provided by court rules."). Instead, Plaintiff filed a separate action, which is subject to *res judicata* principles.

4

to survive a motion to dismiss."). Where a motion to amend the complaint is made in response to a summary judgment motion or order, "the Court may properly look to the affidavits and other evidence in the record." *Horacek v. Seaman*, No. 08-10866, 2009 WL 2928546, at *14 (E.D. Mich. Sept. 10, 2009); *see also Bauchman for Bauchman v. W. High Sch.*, 132 F.3d 542, 562 (10th Cir. 1997) ("A court properly may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment."); *Wilson v. Am. Trans Air, Inc.*, 874 F.2d 386, 392 (7th Cir. 1989) ("An amendment is a 'futile gesture' if the amended pleading could not survive a motion for summary judgment.").

Plaintiff's proposed First Amended Complaint is largely the same as her original complaint, but adds a new claim, alleging that Defendants violated M.C.L. § 600.3240(2) because they "prevented Plaintiff from [redeeming the Property] by refusing to cooperate in the redemption process and refusing to accept tender of the exact amount necessary to redeem." Pl.'s Mot. for Leave to File First Am. Compl., Dkt # 28-11, ¶ 43. The proposed amendment does nothing to remedy the *res judicata* problem regarding the first claim, as discussed above. Thus, the Court need only consider whether the new second claim "rest[s] on sufficient factual allegations and viable legal theories of recovery." *Selakowski v. Fed. Home Loan*

*Mortg. Corp.*, No. 13-12335, 2014 WL 1207874, at *9 (E.D. Mich. Mar. 24, 2014).[2]

> M.C.L. § 600.3240(2) provides, in relevant part, that
>
> [t]he purchaser [at the sheriff's sale] shall provide an affidavit with the deed to be recorded under this section that states the exact amount required to redeem the property under this subsection, including any daily per diem amounts, and the date by which the property must be redeemed shall be stated on the certificate of sale. The purchaser may include in the affidavit the name of a designee responsible on behalf of the purchaser to assist the person redeeming the property in computing the exact amount required to redeem the property. The designee may charge a fee as stated in the affidavit and may be authorized by the purchaser to receive redemption money. The purchaser shall accept the amount computed by the designee.

Claims alleging deficiencies in the foreclosure process are circumscribed when they are brought after expiration of the redemption period. As the Sixth Circuit has articulated:

> Michigan's foreclosure-by-advertisement scheme was meant to, at once, impose order on the foreclosure process while still giving security and finality to purchasers of foreclosed properties. To effectuate this interest in finality, the ability for a court to set aside a sheriff's sale has been drastically circumscribed. Michigan courts have held that once the statutory redemption period lapses, they can only

---

[2] Plaintiff's new claim could also arguably be barred by *res judicata* just like her first claim: just as that claim seeks to relitigate the question of which party has the right to possession of the property in question, this claim also asks the Court to set aside the foreclosure because of the alleged deficiencies in the redemption process. Plaintiff also seeks damages in her amended complaint, but those damages are still based on the theory that Plaintiff was injured by being deprived of rightful possession of the property. However, because her new claim fails to present a viable theory of recovery, the court need not address the question of whether *res judicata* would bar it.

> entertain the setting aside of a foreclosure sale where the mortgagor
> has made "a clear showing of fraud, or irregularity."

*Conlin v. Mortg. Elec. Registration Sys., Inc.*, 714 F.3d 355, 359 (6th Cir. 2013)

(citations omitted) (*quoting Schulthies v. Barron*, 16 Mich. Ct. App. 246, 167

N.W.2d 784, 785 (1969)).  Claims seeking to toll the redemption period must also

demonstrate fraud or irregularity.  *Thompson v. JPMorgan Chase Bank, N.A.*, 563

F. App'x 440, 442 (6th Cir. 2014) ("Although plaintiff filed the suit before the

redemption period expired, the filing of the lawsuit was insufficient to toll the

redemption period because plaintiff did not allege fraud or irregularity by the

defendants.").

　　Plaintiff has not demonstrated sufficient fraud or irregularity that would

enable her new claim to survive a motion to dismiss.  M.C.L. § 600.3240(2)

requires the purchaser to "provide an affidavit with the deed" that declares the

"exact amount" of payment required for redemption.  And indeed, Fannie Mae

provided such an affidavit at the time of sale.  Dkt. # 20-10.  The statute also

permissively allows the purchaser to provide a designee to aid the redeeming party

in calculating the exact amount of redemption.  M.C.L. § 600.3240(2).  Fannie

Mae did so, naming Orlans Associates, P.C. ("Orlans"), as designee.  Dkt. # 20-10.

Plaintiff points to no specific language from § 600.3240 that placed a duty on

Defendants that they failed to uphold.  Thus, the Court finds that Plaintiff's

7

proposed First Amended Complaint fails to allege any violation of M.C.L. § 600.3240.

Further, the Court finds no general evidence of fraud or irregularity in the redemption process. Plaintiff alleges in her proposed First Amended Complaint that on August 3, 2011, she made a "written request to Orlans for the exact redemption amount and communicated that $67,000 of funds to redeem were coming from a retirement account and that a [sic] four business days were required in order to complete the withdrawal processes necessary to tender the funds." Pl.'s Mot. for Leave to File First Am. Compl., Dkt # 28-11, ¶ 19. But plaintiff does not provide the written request in the record, instead only providing a facsimile cover page from August 3 indicating that some transmission was sent from Veasly's representation to Orlans.[3] Pl.'s Mot. for Summ. J., Ex. K, Dkt. # 17-2. Assuming that Plaintiff did request an extension as alleged, she cites to no law that would require Fannie Mae to grant the extension.

Plaintiff then alleges that "[b]etween August 4 and August 17, 2011, representatives of Plaintiff had numerous communications with the Bank and Orlans via telephone and email regarding the exact amount to redeem," Pl.'s Mot.

---

[3] The cover page does have handwriting on it that says "extension request," though it provides no details of what request was made. Pl.'s Mot. for Summ. J., Ex, K., Dkt. # 17-2. In their answer to the complaint, Defendants admit that "on or around August 5, 2011, a[] representative for Plaintiff from Dynamic Housing Solutions requested a payoff amount for redemption." Answer, Dkt. # 6, ¶ 18.

for Leave to File First Am. Compl., Dkt # 28-11, ¶ 21, but Plaintiff provides no evidence of any of these communications except for a letter sent on August 17 from Plaintiff's representative to Orlans, requesting a calculation of the redemption amount and a four-day extension, Pl.'s Mot. for Summ. J., Ex. J, Dkt. # 17-2. Plaintiff acknowledges that Orlans sent the redemption calculation on August 17, five days before the end of the redemption period.[4]  Pl.'s Mot. for Leave to File First Am. Compl., Dkt # 28-11, ¶ 22.  She alleges that "[b]etween August 18 and 21, 2014 [sic], Plaintiff made various attempts to communicate with the Bank, [Fannie Mae], Orlans, and BAC in order to redeem the property," but again, she provides no evidence of any of these communications.  *Id.* ¶ 23.  Nor does she provide any evidence of "documentation to facilitate redemption" that she alleges she sent to Orlans on August 21, 2011.  *Id.* ¶ 24.

Finally, Plaintiff claims that "an extension of the August 22 deadline was thereafter granted," but she provides no evidence supporting this.  She provides a series of emails between Plaintiff and Bank of America sent between August 30, 2011 and September 9, 2011, but none of the emails indicate an extension was granted.  Instead, they discuss a reinstatement sale -- an entirely different concept from an extension of the redemption period.  And even if the emails did indicate

---

[4] The redemption calculation provided by Plaintiff herself is actually dated August 16, 2011, four business days before the end of the redemption period, though Plaintiff may not have received it until August 17.  Pl.'s Mot. for Summ. J., Ex. I, Dkt. # 17-2.

promise of an extension, Bank of America had no authority grant an extension on behalf of Fannie Mae, which became title holder to the property at the end of the redemption period on August 22, 2011.

Thus, based on the record presented, the Court finds that Plaintiff's proposed First Amended Complaint fails to state a claim under M.C.L. § 600.3240, and further fails to provide evidence of sufficient fraud or irregularity in the redemption process.   Therefore, Plaintiff's proposed First Amended Complaint would be futile, and the Court thus denies Plaintiff's motion.

## IV. CONCLUSION

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration (Dkt. #28) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to File a First Amended Complaint (Dkt. #28) is DENIED.

**IT IS SO ORDERED.**

Dated:  October 29, 2014                    s/Gerald E. Rosen                    
                                            Chief, Judge, United States District Court

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 29, 2014, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135