UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**THEOLA VEASLEY**,

                Plaintiff,

vs.

No. 12-CV-13642
Hon. Gerald E. Rosen

**THE FEDERAL NATIONAL MORTGAGE ASSOCIATION** and **BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP**,

                Defendants.
_____/

## OPINION AND ORDER REGARDING PLAINTIFF'S MOTION FOR RECONSIDERATION

On September 26, 2014, this Court issued an opinion and order granting Defendants' Motion to Dismiss (Dkt. # 26). Judgment was entered in Defendants' favor on the same day (Dkt. #27). On October 10, 2014, Plaintiff timely filed a Motion for Leave to File First Amended Complaint, pursuant to Federal Rule of Civil Procedure 15; and a Motion for Reconsideration of the Court's September 26, 2014 Order, pursuant to Federal Rule of Civil Procedure 59(e) (Dkt. #29). The Court denied both motions on October 29, 2014 (Dkt. # 30). Plaintiff has now filed a "Motion for Reconsideration or to Amend and Alter October 29, 2014 Ruling," citing Federal Rules of Civil Procedure 15 and 59(e), and Eastern District

1

of Michigan Local Rule 7.1(h) (Dkt. #31). For the reasons stated below, the Court denies the motion.

Federal Rule of Civil Procedure 59(e) provides: "A motion to alter or amend a judgment must be filed no later than 28 days after entry of the judgment." The decision of whether to grant relief under Rule 59(e) is within the district court's discretion. *Davis by Davis v. Jellico Cmty. Hosp. Inc.*, 912 F.2d 129, 132 (6th Cir. 1990). That discretion, however, is limited to: (1) accommodating an intervening change in controlling law; (2) accounting for new evidence which was not available at trial; or (3) correcting a clear error of law or preventing manifest injustice. *Kenneth Henes Special Projects Procurement v. Continental Biomass Industries, Inc.*, 86 F. Supp. 2d 721, 726 (E.D. Mich. 2000).

Rule 59 motions "are not intended as a vehicle to relitigate previously considered issues; should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence; and are not the proper vehicle to attempt to obtain a reversal of a judgment by offering the same arguments previously presented." *Kenneth Henes*, 86 F. Supp. 2d at 726 (emphasis omitted) (quotiong *Nagle Indus., Inc. v. Ford Motor Co.*, 175 F.R.D. 251, 254 (E.D. Mich. 1997), *aff'd*, 194 F.3d 1339 (Fed. Cir. 1999)) (internal quotations omitted).

2

The requirements for the granting of motions for reconsideration in this Court are further set forth in Local Rule 7.1(h), which provides in relevant part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

Local Rule 7.1(h)(3), U.S. District Court, Eastern District of Michigan. A "palpable defect" is "a defect that is obvious, clear, unmistakable, manifest or plain." *United States v. Lockette*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004).

Plaintiff has already filed a Rule 59(e) motion seeking to alter or amend the Court's September 26, 2014 Order (Dkt. # 28). The Court carefully considered and denied that motion on October 29, 2014 (Dkt. #30). Now, Plaintiff seeks a third bite at the apple with another Rule 59(e) motion. But "[t]he Local Rules do not provide that a party is allowed to file multiple motions for reconsideration of an order." *United States v. Rodgers*, No. 10-20235, 2011 WL 1364055, at *2 (E.D. Mich. Apr. 11, 2011). A plaintiff may not escape this rule by couching its motion as one seeking to amend or alter the court's ruling on the plaintiff's *first* Rule 59(e) motion, as Plaintiff has done here.

Even if the Motion were procedurally sound, it "merely present[s] the same issues ruled upon by the court" in its September 26 and October 29 Orders. Local

3

Rule 7.1(h)(3). Plaintiff once again makes the same arguments that she made in her summary judgment motion and her first post-judgment motion. The Court has carefully considered those arguments and rejected them; a Rule 59(e) motion is not a vehicle to ask the Court to consider them once again.

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration (Dkt. #31) is DENIED.

**IT IS SO ORDERED.**


Dated: November 26, 2014          s/Gerald E. Rosen
                                  Chief, Judge, United States District Court


I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 26, 2014, by electronic and/or ordinary mail.

                                  s/Julie Owens
                                  Case Manager, (313) 234-5135